WO

KM

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Dean Thomas Tousignant,                     )   No. CV 10-1804-PHX-GMS (ECV)
                                            )
            Plaintiff,                      )   **ORDER**
                                            )
vs.                                         )
                                            )
                                            )
Bergman, et al.,                            )
                                            )
            Defendants.                     )
                                            )
                                            )

On August 23, 2010, Plaintiff Dean Thomas Tousignant, who is confined in the Marana Community Correctional Treatment Facility, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an October 5, 2010 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 25, 2010, Plaintiff filed his First Amended Complaint (Doc. 8). The Court will order Defendant Bergman to answer the First Amended Complaint and will dismiss the remaining Defendants without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

TERMPSREF

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.     First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues Detention Officers Bergman and Dennison, and Unknown Others.  Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated when Defendant Bergman refused to loosen Plaintiff's

1  handcuffs, which Plaintiff was required to wear for 9-12 hours.  Plaintiff alleges that the

2  handcuffs had chipped paint and jagged edges that cut into his skin.  Plaintiff alleges that as

3  a result of Defendant Bergman's refusal to loosen the handcuffs and the cuts that Plaintiff

4  sustained, Plaintiff contracted methicillin-resistant staphylococcus aureus (MRSA).

5      Plaintiff seeks money damages and injunctive relief.

6  **III.   Failure to State a Claim**

7      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

8  injury as a result of specific conduct of a defendant and show an affirmative link between the

9  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

10 (1976).  Plaintiff has not made any allegations against Defendant Dennison or the Unknown

11 Defendants.  Plaintiff has therefore failed to state a claim against these Defendants and they

12 will be dismissed.

13 **IV.   Claims for Which an Answer Will be Required**

14     Liberally construed, Plaintiff's allegations against Defendant Bergman adequately

15 state an Eighth and Fourteenth Amendment claim and the Court will require Defendant

16 Bergman to answer the First Amended Complaint.

17 **V.    Warnings**

18     **A.    Release**

19     Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

20 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

21 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

22 in dismissal of this action.

23     **B.    Address Changes**

24     Plaintiff must file and serve a notice of a change of address in accordance with Rule

25 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

26 relief with a notice of change of address.  Failure to comply may result in dismissal of this

27 action.

28

**C.    Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants Dennison and Unknown Others are **dismissed** without prejudice.

(2)    Defendant Bergman must answer the First Amended Complaint.

(3)    The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 8), this Order, and both summons and request for waiver forms for Defendant Bergman.

(3)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(5)    The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(6)    The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)    personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7)    **If Defendant agrees to waive service of the Summons and First Amended Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8)    Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

. . . .

. . . .

. . . .

(9)     This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 10th day of November, 2010.

G. Murray Snow
United States District Judge