**WO**                                                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Thomas Tousignant, | No. CV 10-1804-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Raymond Bergman, | |
| Defendant. | |

Plaintiff Dean Thomas Tousignant filed this civil rights action under 42 U.S.C. § 1983 against Detention Officer Raymond Bergman, an employee of the Maricopa County Sheriff's Office (MCSO). (Doc. 8.) Plaintiff alleged that Defendant[1] refused to loosen tightly clamped handcuffs that were applied for 9-12 hours, which caused abrasions and breaking of skin, creating an open wound that became infected. (Id.) Defendant moves to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA).[2] (Doc. 15.)

The Court will grant the motion and dismiss the case.

///

///

///

---

[1] The remaining Defendants were dismissed on screening. (Doc. 9.)

[2] The Court sent the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 16.)

## I. Motion to Dismiss

### A. Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B. Parties' Contentions

#### 1. Defendant

In support of his motion, Defendant submits the declaration of Selethia Down, a Sergeant assigned to the Inmate Hearing Unit; her duties include receipt, processing, tracking, and storage of inmate grievances. (Doc. 15, Ex. 1, Down Decl. ¶¶ 1-2.) She describes the MCSO grievance procedures, which are set out in Policy DJ-3, Inmate Grievance Procedure. (Id. ¶¶ 5, 7.) According to Down, it is a multi-tiered grievance system, which includes (1) the initial grievance and ultimate decision by the Bureau Hearing Officer; (2) the institutional appeal; and (3) the external appeal. (Id. ¶ 7, Ex. B, Policy DJ-3.[3]) The procedure provides time frames for filing and responding to each step of the

---

[3]MCSO Policy DJ-3, *Inmate Grievance Procedure*, was not, in fact, attached to the motion.

- 2 -

1 process; the initial grievance must be filed within 48 hours of the event being grieved. (Id.)
2 She also attests that inmates receive the MCSO *Rules and Regulations for Inmates* and that
3 the grievance form itself contains language explaining the steps in the grievance process. (Id.
4 ¶¶ 4, 7, Ex. A.)

5     Down attests that she searched the grievance database and found no grievance from
6 Plaintiff regarding being left in handcuffs for 9 to 12 hours or that any detention officer,
7 including Defendant, failed to loosen the handcuffs. (Id. ¶ 11.)

8     Defendant argues that Plaintiff admitted in his First Amended Complaint that he failed
9 to submit a grievance, claiming that staff would not provide one. (Doc. 15 at 3, ref. Doc. 8
10 at 3.)  Defendant asserts that the claim is clearly subject to the grievance procedure. (Id.)
11 He also contends that if Plaintiff had a problem obtaining a grievance form, he could use the
12 MCSO direct grievance process, which is initiated by the jail commander on any complaint
13 of an inmate, including verbal complaints, and which does not require the inmate himself to
14 submit the standard grievance form. (Id., Ex. 1, Down Decl. ¶ 13.)

15     **2.**     **Plaintiff**

16     Plaintiff alleges that no administrative remedies were available or warranted because
17 the specific injury and damage occurred beyond 48 hours from the event. (Doc. 17 at 1.) He
18 argues that when he was arrested on June 10, 2009, he had no physical problems. (Id. at 2.)
19 On June 17 and 18 he was transported to and from court. He appears to argue that one of
20 these two days would be the day of the "event" for purposes of the rule cited by Defendant
21 regarding timing of the initial grievance. A week later, he was diagnosed by medical staff
22 as having MRSA, then treated for about three weeks. (Id.)

23     Plaintiff further contends that the grievance form requires that a reasonable solution
24 be proposed. (Id. at 3.) "What in this case would constitute 'reasonable,' sanitized cuffs and
25 limited population in waiting cells are solutions that would be readily responded to. Beyond
26 the (48) hours of the event was an apparent presumption by staff as being outside time limits
27 and/or an issue as non grievable." (Id.)

28     Plaintiff concludes that he did not fail to exhaust administrative remedies because

1 none were available according to MCSO policy and support staff.  If applicable, the time
2 limits had expired, and the matter is and was non-grievable; rather, it is a judicial matter
3 based on  personal injuries.  (Id.)

### 3. Reply

In reply, Defendant argues that it is apparent from Plaintiff's original and amended complaints that he understood he had been injured while he was handcuffed, not several days later, and that whether the full extent of Plaintiff's injuries was evident on the date of the actual event is irrelevant. (Doc. 18 at 2.)  Plaintiff should have requested a grievance form within 48 hours of being restrained in tight cuffs for too long.  (Id. at 2.)  Defendant notes that Plaintiff also appears to argue that he was not able to file a grievance, but Defendant asserts that it is unclear whether Plaintiff is alleging that MCSO actively prevented him filing a grievance. (Id. at 3.)  Plaintiff provides no evidence to support the allegation.  (Id.) Defendant argues that it appears that Plaintiff decided for himself that he was not able to file a grievance regarding this condition of confinement.  (Id. at 4.)

Defendant further contends that although Plaintiff argues that he did not file a grievance because there was no available remedy for him through the grievance process, the PLRA does not condition the exhaustion requirement on the effectiveness of the administrative remedy.  (Id. at 5.)  Defendant contends that whether a proposed resolution is reasonable is a function of the grievance process itself. That process must be initiated in order for the determination of reasonableness to be made.  (Id.)

### 4. Sur-reply

Plaintiff also files a response to the reply, which Defendant moves to strike. (Docs. 21, 22.)  Plaintiff insists that his claim is outside the grievance process; "as in the case of death occurring in MCSO at the hands of its officers' treatment or negligence, no such low level prompt response, corrective action or reasonable resolution is or would be available." (Id. at 1-2.)  He argues that the PLRA provides no remedy for the death of a prisoner and no remedy existed here for actual physical injury.  (Id. at 2.)  Conditions of confinement were not at issue.  (Id.)  Plaintiff asserts that the issue is not his knowledge of the injuries but about

1 being handcuffed excessively tightly for two days. (Id. at 3.) If a grievance was necessitated
2 every time handcuffing creates chafing, the system would be overrun. (Id. at 3-4.)

### C.     Analysis

Defendant has met his burden to establish the existence of a grievance procedure and that Plaintiff failed to exhaust his remedies under it. See Wyatt, 315 F.3d at 1119; see also Brown, 422 F.3d at 936-37. Although the *Inmate Grievance Procedure* is not annexed to the motion, the *Rules and Regulations for Inmates* are, and they set forth the grievance process and time lines. Plaintiff fails to establish that he was excused from filing a grievance.

First, because Plaintiff's sur-reply is not proper, see Ekweani v. Maricopa County Sheriff's Office, 2009 WL 976520, at *1 (D. Ariz. 2009), the Court will grant Defendant's Motion to Strike. The Court notes that even if it were to consider the arguments, Plaintiff has not established that he was excused from exhausting his administrative remedies.

As to the merits of the exhaustion argument, the Court rejects Plaintiff's claim that the issue was not a "condition of confinement" within the meaning of the PLRA. That argument has been foreclosed by Porter. 534 U.S. at 527. In Porter, the Supreme Court held that exhaustion was required where the inmate claimed that he was beaten by guards; the PLRA mandates exhaustion whether the circumstances or occurrences are general circumstances of incarceration or specific episodes. Id.

Likewise, the Court rejects Plaintiff's suggestion that the grievance procedure offered no appropriate remedy. In Booth, the inmate had alleged that he was beaten by corrections officers, suffered bruising on his wrists as a result of tightening and twisting handcuffs, and was denied medical attention. 532 U.S. at 734. Plaintiff argued that he did not need to exhaust his administrative remedies because the grievance procedure did not provide for money damages, which was the remedy he wanted. Id. The Court reasoned that "one 'exhausts' processes, not forms of relief. . . ." Id. at 739. It concluded that Congress mandated exhaustion regardless of the relief offered through administrative procedures. Id. at 741. Here, Plaintiff fails to show that no relief was available through the MCSO grievance process.

1    Plaintiff also argues that he could not file a grievance because the grievance should
2 have been initiated within 48 hours of the event—the handcuffing—but the infection did not
3 occur until later. In Woodford, the Supreme Court held that "[p]roper exhaustion demands
4 compliance with an agency's deadlines and other critical procedural rules." Woodford, 548
5 U.S. at 90.  The exhaustion requirement is not satisfied by filing an untimely or otherwise
6 procedurally defective appeal.  The Ninth Circuit has applied statute-of-limitations analysis
7 to administrative-remedy issues of timeliness.  See Ngo v. Woodford, 539 F.3d 1108, 1109-
8 10 (9th Cir. 2008).  Under federal law, a claim accrues "when the plaintiff knows or has
9 reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d
10 987, 991 (9th Cir. 1999); Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).  Furthermore,
11 the claim accrues "even though the full extent of the injury is not then known or predictable"
12 because otherwise "the statute would begin to run only after a plaintiff became satisfied that
13 he had been harmed enough, placing the supposed statute of repose in the sole hands of the
14 party seeking relief."  Wallace v. Kato, 549 U.S. 384, 391 (2007).

15    It would appear that Plaintiff was required to file his initial grievance within 48 hours
16 of the handcuffing that resulted in cuts and abrasions.  Plaintiff does not claim that he was
17 physically unable to do so or that he was prevented from doing so by jail officials.

18    But, here, the Court need not reach the issue of the timeliness of an initial grievance
19 because it is undisputed that Plaintiff failed to file any grievance at all.  Plaintiff merely
20 assumes that a later grievance would have been rejected as untimely.  Even assuming that
21 rejection of a later grievance would have been improper, Plaintiff cannot benefit from any
22 such exception to the exhaustion requirement if he never attempted to exhaust. See Sapp v.
23 Kimbrell, 623 F. 3d 813, 823 (9th Cir. 2010).   In Sapp, for example, the Ninth Circuit
24 recognized an exception to the PLRA exhaustion requirement where prison officials render
25 the administrative remedies process effectively unavailable by improperly screening
26 grievances.  Id.  But the Court held that to fit within this exception, the prisoner must show,
27 *inter alia*, that he attempted to exhaust his remedies—especially that he actually filed a
28 grievance or grievances.  Id. at 823-24.

1 Finally, although the law does not require exhaustion if Plaintiff was unable to file
2 grievances, Plaintiff fails to establish that he was, in fact, unable to do so.  In his First
3 Amended Complaint, Plaintiff asserted that he did not exhaust his administrative remedies
4 due to "lack of cooperation; failure by staff to provide necessary documents for remedy
5 administratively." (Doc. 8 at 3.) Plaintiff offers no evidence to support this allegation;
6 indeed, in his opposition to the Motion to Dismiss, he offers entirely different reasons for
7 failing to exhaust.

8 Defendant has carried his burden by showing that Plaintiff failed to exhaust his
9 administrative remedies.  Plaintiff has not responded by demonstrating that his failure to
10 exhaust should be excused because the administrative procedures were unavailable or
11 because prison officials effectively obstructed his ability to pursue his grievance through the
12 third formal level.

13 The Court will grant Defendant's motion and dismiss the claim without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss (Doc. 15) and Motion to Strike (Doc. 22).

(2) Defendant's Motion to Strike (Doc. 22) is **granted**.

(3) Defendant's Motion to Dismiss (Doc. 15) is **granted.**

(4) The claims are dismissed without prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 30th day of June, 2011.

_G. Murray Snow_
United States District Judge